UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| TERRY L. SOUTHERN, | ) | No. CV-10-00212-JPH |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER GRANTING DEFENDANT'S |
| MICHAEL J. ASTRUE, | ) | MOTION FOR SUMMARY JUDGMENT |
| Commissioner of Social | ) | |
| Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

BEFORE THE COURT are cross-Motions for Summary Judgment. (ECF No. 22, 27.) Attorney Maureen Rosette represents Terry L. Southern (Plaintiff); Special Assistant United States Attorney Richard A. Morris represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. (ECF No. 7.) After reviewing the administrative record and briefs filed by the parties, the court **GRANTS** the Defendant's motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

**JURISDICTION**

Plaintiff protectively filed for disability insurance benefits (DIB) on June 25, 2007. (Tr. 16; 82; 163.) He alleged disability due to problems with his lower back, COPD, neuropathy in knees and feet, sleep apnea and diabetes with an alleged onset date of October 3, 2003. (Tr. 162; 168.) His claim was denied initially and on

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 1

reconsideration. (Tr. 88-90; 100-02.) Plaintiff requested a hearing before an administrative law judge (ALJ), which took place on September 9, 2009. (Tr. 34-81.) Plaintiff, who was represented by counsel, and medical expert James Haynes and vocational expert Deborah Lapoint also testified at the hearing. The ALJ denied benefits on September 16, 2009, and the Appeals Council denied review. (Tr. 16-27; 1-5.) The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

## STATEMENT OF THE CASE

The facts of the case are set forth in detail in the transcript of proceedings and are briefly summarized here. At the time of the hearing, Plaintiff was 50 years old with an eleventh grade education. (Tr. 44; 82.) He lives in a house with his wife and son. (Tr. 147.) He reported that his daily activities included caring for his dogs and watching television, and he fishes twice per season. (Tr. 159.) Plaintiff worked loading vinyl material into a machine to make window frames between 1993 and 1999. (Tr. 53-54.) He also worked briefly as a hotel worker, an inventory worker at a retail store and a bakery worker. (Tr. 54-55; 133.) Plaintiff used methamphetamine in 2005, and was imprisoned on related charges from October 2006 to March 2007. (Tr. 53; 68.) He testified that after October 2003, he was prevented from working because he could not stand for long periods of time due to back and foot pain. (Tr. 56.) He also asserted that he suffered from chronic back pain, pain and numbness in his feet, high blood sugars and breathing problems. (Tr. 220.)

## SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the Act) defines disability as the

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 2

"inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P, App. 1. If the

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 3

impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past.  If a plaintiff is able to perform previous work, that Plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) assessment is considered. If plaintiff cannot perform this work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a physical or mental impairment prevents the performance of previous work. *Hoffman v. Heckler*, 785 F.3d 1423, 1425 (9th Cir. 1986). The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984); *Tackett v. Apfel*, 180 F.3d 1094, 1099 (1999).

///

///

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 4

**ADMINISTRATIVE DECISION**

ALJ Hebda found Plaintiff was insured for DIB[1] from October 3, 2003 through December 31, 2004. (Tr. 18.) At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since October 3, 2003. (Tr. 18.) At step two, he found Plaintiff had severe impairments of diabetes mellitus, peripheral neuropathy of the feet, and shortness of breath probably secondary to smoking. (Tr. 18.) The ALJ determined at step three Plaintiff's medically determinable impairments, alone and in combination, did not meet or medically equal one of the listed impairments in 20 C.F.R., Appendix 1, Subpart P, Regulations No. 4 (Listings). (Tr. 19.) The ALJ found Plaintiff's subjective complaints regarding functional limitations were not fully credible. (Tr. 22.) At step four, the ALJ concluded plaintiff had a residual functional capacity to perform less than a full range of light work:

> The claimant could lift or carry 20 pounds occasionally and frequently lift or carry 10 pounds. The claimant could sit for six hours and stand or walk for two hours in an eight-hour workday. He could occasionally climb ramps or stairs. He could occasionally balance, stoop, kneel, crouch or crawl. He could not climb ladders, ropes, or scaffolds. He should have avoided [sic] concentrated exposure to cold, heat, wetness, moving machinery, and unprotected heights.

(Tr. 20.)

The ALJ concluded that Plaintiff was unable to perform his past relevant work. (Tr. 25.) After considering Plaintiff's age, education, work experience, and residual functional capacity, the ALJ found that jobs exist in significant numbers in the national economy that claimant could have performed, such as sewing machine

---

[1]Plaintiff applied for and received Title XVI benefits that began on June 25, 2007. (Tr. 16.)

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 5

1  operator, cashier and telemarketer. (Tr. 25-26.) The ALJ concluded
2  that Plaintiff has not been under a disability from October 3, 2003
3  through the date of the decision. (Tr. 26.)

4                      **STANDARD OF REVIEW**

5       Congress has provided a limited scope of judicial review of a
6  Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the
7  Commissioner's decision, made through an ALJ, when the determination
8  is not based on legal error and is supported by substantial
9  evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985);
10 *Tackett,* 180 F.3d at 1097 (9th Cir. 1999). "The [Commissioner's]
11 determination that a plaintiff is not disabled will be upheld if the
12 findings of fact are supported by substantial evidence." *Delgado v.*
13 *Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(*citing* 42 U.S.C. §
14 405(g)). Substantial evidence is more than a mere scintilla,
15 *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975),
16 but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599,
17 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human*
18 *Services*, 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence
19 "means such evidence as a reasonable mind might accept as adequate
20 to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401
21 (1971) (citations omitted). "[S]uch inferences and conclusions as
22 the [Commissioner] may reasonably draw from the evidence" will also
23 be upheld.  *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965).
24 On review, the Court considers the record as a whole, not just the
25 evidence supporting the decision of the Commissioner. *Weetman v.*
26 *Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989)(*quoting Kornock v. Harris*,
27 648 F.2d 525, 526 (9th Cir. 1980).

28       It is the role of the trier of fact, not this Court, to resolve

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT – 6

conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**ISSUES**

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Plaintiff contends that the ALJ erred in his credibility assessment of Plaintiff and by giving significant weight to the opinion of James M. Haynes, M.D. (ECF No. 23 at 12-19.) Defendant contends the ALJ's decision is supported by substantial evidence and is free of legal error. (ECF No. 28 at 8-15.)

**DISCUSSION**

**1.    Credibility.**

Plaintiff complains that the ALJ erred by finding his testimony about the severity of his symptoms not credible. (ECF No. 23 at 17.) Plaintiff also complains that the ALJ failed to specify Plaintiff's particular testimony that he relied upon in finding diminished credibility. The Commissioner's credibility determination must be

supported by findings sufficiently specific to permit the court to conclude the ALJ did not arbitrarily discredit claimant's testimony. *Bunnell v. Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991)(en banc). If no affirmative evidence exists that the claimant is malingering, the ALJ must provide "clear and convincing" reasons for rejecting the claimant's testimony regarding the severity of symptoms. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998).

The ALJ engages in a two-step analysis in deciding whether to admit a claimant's subjective symptom testimony. *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). Under the first step, the claimant must produce objective medical evidence of an underlying medically determinable impairment, and must show that the impairment, or a combination of impairments, "could reasonably be expected to produce pain or other symptoms." *Cotton v. Bowen*, 799 F.2d 1403, 1405 (9th Cir. 1986).

Once the *Cotton* test is met, the ALJ must evaluate the credibility of the claimant. When assessing a claimant's credibility, the lack of objective medical evidence is a proper factor to consider along with: a claimant's treatment history; daily activities; work record as well as the claimant's reputation for truthfulness; inconsistencies in her testimony, or between her testimony and conduct observations of physicians and third parties with personal knowledge of the claimant's symptoms. *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008); *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997). In addition, an adjudicator may draw adverse inferences from a claimant's failure to seek treatment for symptoms for months after the alleged onset of disability. *Bruton v. Massanari*, 208 F.3d 824, 828 (9th Cir. 2001).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 8

If the ALJ finds a claimant's statements are not entirely credible, he need not reject totally a claimant's symptom testimony. The ALJ may find the claimant's statements about pain to be credible to a certain degree, but discount statements based on his interpretation of evidence in the record as a whole. *SSR* 96-7p. If the ALJ's credibility findings are supported by substantial evidence in the record, the court may not engage in second-guessing. *See Morgan v. Commissioner, Soc. Security Admin.*, 169 F.3d 595, 600 (9th Cir. 1999); *Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989).

In this case, the ALJ found that Plaintiff's statements concerning the intensity, persistence and limiting effects of his reported symptoms were not entirely credible. (Tr. 22.) The ALJ found that Plaintiff was not compliant with treatment related to Plaintiff's failure to monitor his blood sugar, and that Plaintiff's diabetes mellitus was non-insulin dependent and under control. (Tr. 22.) The ALJ noted that the record did not contain medical evidence that would support Plaintiff's shortness of breath as a severe impairment. (Tr. 22-23.) The ALJ also contrasted Plaintiff's allegations about his limitations with his medical records and test results. (Tr. 23.) The ALJ provided a similar analysis related to Plaintiff's daily activities. (Tr. 23.)

Plaintiff's contention that the ALJ failed to provide specific reasons for rejecting Plaintiff's credibility fails. The ALJ listed several reasons for finding Plaintiff incredible – his noncompliance with treatment, lack of objective medical evidence supporting his claims, effective treatment alleviating symptoms and daily activities that belied the claims of disability. These are all proper bases for determining credibility. See *Tommasetti*, 533 F.3d

at 1039.

Moreover, the record supports the ALJ's conclusion. Prior to the claims period, Plaintiff was diagnosed with diabetes. (Tr. 864.) The record indicates a period where Plaintiff did not monitor his diabetes. (Tr. 840; 859.) But when Plaintiff monitored his blood sugar, he reported his diabetes was controlled. (Tr. 846; 848; 850; 853-54; 856; 858.) The record reveals Plaintiff visited his doctor five times during the claims period, and he often complained of peripheral neuropathy-related pain in his feet. (Tr. 846-52.) At the last visit during the claims period, Plaintiff's treating physician increased his dose of Neurontin to try to alleviate this condition. (Tr. 846.) The records do not reveal if this new dosage effectively controlled the symptoms, but it is notable that Plaintiff did not return to his physician until ten months later, in June of 2005. (Tr. 840.)

Additionally, the record does not substantiate a medical cause of Plaintiff's chronic back pain, and instead an MRI revealed a mild disc bulge at L4-5, with mild facet hypertrophy. Plaintiff's spinal changes between 1999 and 2004 were slight, with no spinal stenosis or significant foraminal encroachment present. (Tr. 868-69.)

Similarly, the record fails to reveal objective medical evidence that substantiate Plaintiff's complaints of difficulty breathing. For example, in October, 2002, Plaintiff was having trouble breathing and told his physician he had asthma. Dr. McCrorey prescribed an inhaler. (Tr. 862.) In August, 2003, Plaintiff's asthma was stable, and after an initial complaint of COPD in January, 2004, the medical records through the remainder of the claims period do not mention any breathing issues. (Tr. 859-60; 858;

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 10

856; 854; 853; 840.)

Finally, the record supports the ALJ's credibility determination based upon the contrast between Plaintiff's testimony and his reported daily activities. Plaintiff testified at the hearing that prior to December, 2004, he could not stand long enough to do the dishes, take out the garbage, shop, or do much of anything. (Tr. 62.) By contrast, the ALJ pointed out the Function Report, authored by Plaintiff[2], indicates that Plaintiff can lift 25 pounds, stand for two to four hours, walk short distances, sit for two hours, with limited bending, kneeling and overhead reaching. (Tr. 148-49.) It is reasonable to assume that the Function Report was completed closer in time to the claims period. By contrast, Plaintiff's testimony at the hearing took place five years after the claims period ended. Plaintiff's memory of his abilities during the claims period likely diminished over time. In any event, substantial evidence exists in the record to support the ALJ's negative credibility finding for Plaintiff, and the ALJ's determination of Plaintiff's RFC.

**2.   Medical Opinions.**

Plaintiff also argues that the ALJ erred by giving significant weight to the opinion of James M. Haynes, M.D. (ECF No. 23 at 18.) Plaintiff specifically points out Dr. Haynes testified that in forming his opinions about Plaintiff's disability, he relied upon 1.04D of the Listings, but in fact, no such provision exists. (ECF

_____

[2]The Function Report is unsigned and undated, but because the answers are in the first person, it is reasonable to conclude the form was completed by Plaintiff. (Tr. 147-61.)

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 11

No. 23 at 18.) Additionally, Plaintiff mentions that the doctor admitted he did not review the diabetes Listing and thus the ALJ's reliance on Dr. Haynes was error. (ECF No. 23 at 18.)

In evaluating medical or psychological evidence, a treating or examining physician's opinion is entitled to more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995).

In this case, the ALJ gave significant weight to two Physical Residual Functional Capacity Assessments – a September 2007 assessment completed by Norman Staley, M.D. and an April, 2008 assessment completed by Charles Wolfe, M.D. (Tr. 24.) The ALJ noted that while Plaintiff's current condition may include severe impairments relating to manipulative issues and the ability to stand/walk, these conditions did not exist during the claims period. (Tr. 24.)

The ALJ also relied upon the opinion of James Haynes, M.D., in determining an RFC:

> Significant weight was given to the opinion stated by Dr. Haynes. Dr. Haynes opined the claimant may have been able to function at the light exertion level prior to December 2004, and that from December 2004 to August 2008, the claimant was able to perform work at the sedentary to light exertion level. The claimant's ability to stand/walk progressively worsened to 1 hour per day, but this occurred after the date last insured.  The records prior to the date last insured show early

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 12

development in neuropathy with pain, numbness and
tingling in toes and feet.

(Tr. 24.)

   While Plaintiff fails to fully explain his position[3], it appears
Plaintiff's complaint about the ALJ's reliance upon Dr. Haynes
involves two issues: (1) Dr. Haynes stated he relied upon the
neuropathy Listing – 1.04D – that does not exist; and (2) Dr. Haynes
admitted he did not review the diabetes Listing. While Plaintiff is
correct that 1.04D does not exist, a review of the record reveals
the ALJ did not err in relying upon Dr. Haynes' opinion.

   During the hearing, Dr. Haynes stated that prior to December
31, 2004, Plaintiff was in the "very early" stages of the
development of neuropathy and associated diabetes that was
"certainly not enough" to meet a listing. (Tr. 45-46.) When asked
specifically about diabetes, Dr. Haynes opined that Plaintiff did
not meet the listing for diabetes. (Tr. 51.) He testified that
Plaintiff did not meet any the listings related to neuropathy. At
that point, the doctor stated that he did not have his reference
materials with him, but he thought he was relying upon Listing
1.04D. (Tr. 52.) Dr. Haynes admitted that he did not look at the
diabetes Listing, and noted that he focused on manifestation of the
diabetes, or the neuropathy. (Tr. 52.)

---

   [3]To the extent Plaintiff is attempting to raise the issue that
the ALJ erred by failing to find his diabetes met the Listing, he
has not briefed that argument and thus it will not be considered.
The court is unable to consider matters that are not "specifically
and distinctly argued" in a party's brief. *Carmickle v.
Commissioner, Soc. Security Admin.*, 533 F.3d 1155, 1161 n. 2 (9th
Cir. 2008); *Paladin Associates, Inc., v. Montana Power Co.*, 328 F.3d
1145, 1164 (9th Cir. 2003).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 13

The diabetes mellitus Listing is located with the endocrine system impairments. The Listing, 9.08, consists of in relevant part:

> [n]europathy demonstrated by significant and persistent disorganization of motor function in two extremities resulting in sustained disturbance of gross and dexterous movements, or gait and station ... or (b) acidosis occurring at least on the average of once every 2 months documented by appropriate blood chemicals tests ...

20 CFR Pt. 404, Subpt. P, App. 1 at 9.08.

Dr. Haynes' testimony[4] is supported by the record. No medical record appears that supports Plaintiff suffered from "significant and persistent disorganization of motor function" during the claims period between October 2003 and December 2004.

In the absence of treatment or chart notes in the record that contradict the ALJ's conclusion that Plaintiff was able to perform sedentary work between October 2003 and December 2004, Dr. Haynes' misstatement of Listing number for neuropathy was immaterial, and the ALJ's reliance upon Dr. Haynes's opinion related to Plaintiff's RFC was not error.

## CONCLUSION

Having reviewed the record and the ALJ's conclusions, this court finds that the ALJ's decision is free of legal error and supported by substantial evidence. Accordingly,

**IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment **(ECF No. 27)** is

---

[4]Dr. Haynes also testified that prior to December 31, 2004, Plaintiff would be able to perform a sedentary-to-light-duty job, with minimal time on his feet, and no more than one hour of standing/walking per day. (Tr. 46.) Dr. Haynes opined that Plaintiff's sleep apnea was addressed with the CPAP device, his COPD was caused by the pack-and-a-half cigarette smoking habit, and both conditions would allow Plaintiff to work within the sedentary category. (Tr. 47.)

1  **GRANTED.**

2       2.   Plaintiff's Motion for Summary Judgment **(ECF No. 22)** is

3  **DENIED.**

4       The District Court Executive is directed to file this Order and

5  provide a copy to counsel for Plaintiff and Defendant. Judgment

6  shall be entered for **DEFENDANT** and the file shall be **CLOSED.**

7       DATED September 28, 2011.

8

9                                          S/James P. Hutton

10                                      JAMES P. HUTTON

11                              UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 15